IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONNA J. SNOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06cv294-CSC |
| ) | (WO) |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

this case and ordering the entry of final judgment. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** The plaintiff was 41 years old at the time of the hearing before the ALJ and she has an 11th grade education. (R. 24, 56 & 78). Her prior work experience includes work as an assembly line worker, cashier, laborer and waitress. (*Id*.). She alleged

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

she became disabled on February 21, 2003, due to "tumors on the bottom of her left foot." (*Id*.) Following the hearing, the ALJ concluded that the plaintiff has a severe impairment of "plantar fibroma of the plantar fascia, left foot." (R. 25). The ALJ concluded that the plaintiff was unable to perform her past relevant work, but, using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, concluded that there was a significant number of jobs in the national economy that the plaintiff could perform. (R. 28-29). Consequently, the ALJ concluded that the plaintiff was not disabled. (R. 30).

**B. Plaintiff's Claims.** The plaintiff presents four issues for the Court's review. As stated by the plaintiff, the issues are as follows:

1. Whether the ALJ erred by disregarding the claimant's allegation of disabling pain.

2. Whether the ALJ erred by finding that claimant could perform substantial gainful employment at the sedentary level.

3. Whether the ALJ erred by failing to order a consult exam.

4. Whether the Appeals Council erred by denying review of the ALJ decision and failing to remand the case.

(Pl's Br. at 6).

## IV. Discussion

The plaintiff raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

However, the court pretermits discussion of the plaintiff's specific arguments because the court concludes that this case is due to be reversed and remanded because medical evidence, from March 9, 2004 until August 16, 2005, from Dr. R. Jobe Fix, the plaintiff's treating physician, constitutes new and material evidence necessitating a remand.

New evidence presented to the Appeals Council, but not to the ALJ, may be considered by the court to determine whether remand is proper under 42 U.S.C. § 405(g). Section 405(g), in part, permits courts to remand a case to the Social Security Administration for consideration of new evidence under certain circumstances. In order to prevail on a claim for remand under § 405(g), a plaintiff must show that (1) there is new, non-cumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative hearing. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998); *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

In this case, the plaintiff argues that her medical records from her treating physician Dr. Fix, spanning from March 9, 2004 until August 16, 2005, which were submitted to the Appeals Council but not to the ALJ, are new. Applying the three-prong remand standard, the evidence is new because it was not before the ALJ. The ALJ held an administrative hearing in this case on June 14, 2005. (R. 231). During that hearing, the plaintiff's attorney requested that the record be held open for thirty days that additional medical records from Dr. Fix could be submitted. (R. 233, 249). The ALJ agreed. (R. 249-50). On August 17,

2005, the ALJ received the second page of a two-page facsimile from plaintiff's counsel which was an assessment by Dr. Fix. (R. 211). The record is unclear whether the ALJ received the first page of the facsimile which was a letter from Dr. Fix. In this letter, Dr. Fix opines that

> . . . Ms. Snow meets the listing 1.08 which states soft tissue injury of an upper or lower extremity under continuing surgical management not expected to be restored within 12 months of onset. She has this impairment related to her foot which I firmly believe is chronic and will not resolve in a period of less than 12 months and will probably go on for many years. Apparently this bit of information needs to be relayed to those making the decisions concerning her disability and I believe it would be important information.
>
> I feel the restrictions and disability she has are very similar to the social security listing 1.08 and 1.00 as she has had multiple surgical procedures on her left foot and has a chronic disability that will last greater than 12 months. In other words, this is the equivalent if not the same as the listing for 1.08 and 1.00.

(R. 215).

The ALJ rendered his decision in this case on October 18, 2005. (R. 30). It was not until the ALJ issued his decision that plaintiff's counsel was able to ascertain that the ALJ did not have the plaintiff's medical records from her last surgery by Dr. Fix. The difficulty in this case is compounded by the fact that the administrative hearing was held by video-teleconference because the plaintiff and her counsel are in Dothan, Alabama; the plaintiff's social security disability file is maintained in Mobile, Alabama; the ALJ is located in Charleston, West Virginia but holds his hearings in Parker, West Virginia; and his clerk is located in Charleston, West Virginia. Plaintiff's counsel clearly believed that the records

were submitted to the ALJ prior to his determination. (R. 214). Thus, the court concludes that the evidence presented to the Appeals Council was new. Furthermore, the evidence is not cumulative because the medical records demonstrate a change in the plaintiff's condition, specifically, a third surgery to relieve nerve impingement caused by recurrent plantar fibromatosis. (R. 218). Thus, the court concludes that the evidence meets the first prong of the standard because it was new and non-cumulative.

Next, the evidence is material because it demonstrates the plaintiff's recurrent and debilitating nature of her condition. The records reflect a deterioration of her condition and continuation of her limitations caused by the pain of plantar fibromatosis. On July 16, 2004, the plaintiff underwent the following procedures: "Reexcision of plantar fascia; Neurolysis of medial plantar nerve; Neurorrhaphy of medial plantar nerve cutaneous branches; Resection of neuromas; and adductor hallucis muscle flap." (R. 216) Although the plaintiff had some relief as a result of the surgery, by December 17, 2004, she was again experiencing pain and an inability to put weight on the foot. (R. 222). In his August 2005 letter, Dr. Fix suggests that Snow meets or equals listing 1.08 or 1.00. The ALJ did not consider whether the plaintiff met or equaled these listings. Thus, the court concludes that the plaintiff has demonstrated that this medical record is material.

Finally, the plaintiff has shown good cause as to why the new evidence was not presented to the ALJ. Generally, in order to satisfy the good cause prong a claimant must prove that the evidence did not exist at the time of the administrative hearing. *See Hyde*, 823

7

F.2d at 459; *Caulder v. Bowen*, 791 F.2d 872, 878 (11th Cir. 1986). As previously noted, Dr. Fix's letter in which he concludes that the plaintiff meets the listings 1.08 and 1.00 as well as his assessment were not available at the time of the administrative hearing. While the plaintiff's medical records of her third surgery were available, at the administrative hearing, the plaintiff requested that the ALJ keep the record open for thirty days. Thereafter, due to the geographic constraints unique to this case, plaintiff's counsel was unaware that the records had not been provided to the ALJ until after the decision was rendered. Thus, the court concludes that the evidence satisfies all three requisite criteria for remand under § 405(g) and therefore, remand is proper.

It is clear from the medical evidence that Snow's plantar fibromatosis is recurrent, chronic and debilitating. However, because the ALJ did not consider Dr. Fix's opinions or medical records, the court cannot determine whether the ALJ's determination that Snow does not meet listing 102.00 or 1.03 is supported by substantial evidence. Moreover, the ALJ did not consider whether the plaintiff meets listings 1.08 or 1.00. Consequently, when the court cannot determine from the ALJ's opinion whether the ALJ properly considered the claimant's medical condition, the court cannot provide meaningful review and must remand the case to the Secretary for clarification. *See Jamison v. Bowen*, 814 F.2d 585, 588-89, (11th Cir. 1987). The court refrains from deciding on the present record whether the plaintiff's medical condition meets or equals any of the listings. While the court has considered whether to award benefits directly, the court is persuaded that remand is appropriate because

it is within the province of the Commissioner to determine whether the plaintiff's impairments rise to the level that render her disabled.[4]  Accordingly, this case will be remanded to the Commissioner for further review in accordance with this opinion.[5]  A separate order will issue.

### V. Conclusion

Accordingly, for the reasons as stated and good cause, it is

ORDERED and ADJUDGED that the decision of the Commissioner be and is hereby REVERSED and this case be and is hereby REMANDED to the Commissioner for further proceedings consistent with this opinion.

Done this 27th day of February, 2007.

>          /s/Charles S. Coody
> CHARLES S. COODY
> CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] The court notes that because it has concluded that remand is proper to consider new evidence, doubt is necessarily cast on the ALJ's articulated reasons for discrediting the plaintiff's testimony as well as upon the ALJ's determination that the plaintiff can perform other jobs in the national economy.

[5] Upon remand, the ALJ may choose to secure a consultative evaluation, if one is needed to make an informed decision.  *See Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984).